# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5576 | **DATE** | 2/15/2001 |
| **CASE TITLE** | Local 731 et al vs. A.W. Zengeler Cleaners, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** Zengeler's motion (Doc 3-1) to remand is granted. The arbitration award is remanded to Alan J. Cook for the limited purpose of the arbitrator's calculation of the back pay due Randy Zirkle. Specifically, the arbitrator should explain whether the award of back pay was meant to accrue through Zirkle's reinstatement, or whether the back pay was meant to accrue only to the April 19, 2000 award date. The balance of the arbitrator's award is to remain intact.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 16 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 12 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | 01 FEB 15 PM 2:57 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EXCAVATING, GRADING, ASPHALT, )
PRIVATE SCAVENGERS, AUTOMOBILE )
SALESROOM GARAGE ATTENDANTS )
and LINEN AND LAUNDRY DRIVERS, )
LOCAL 731, INTERNATIONAL )
BROTHERHOOD OF TEAMSTERS, )
                                              ) 00 C 5576
          Plaintiff, )
                                          )
vs. )
                                          )
A.W. ZENGELER CLEANERS, INC., )
          Defendant. )

## MEMORANDUM OPINION

**DOCKETED FEB 1 6 2001**

CHARLES P. KOCORAS, District Judge:

This matter is before the Court on Defendant's motion to remand for clarification of an arbitration award. For the reasons cited below, the Court grants Defendant's motion to remand for the limited purpose of the calculation of back pay.

## BACKGROUND

The parties to this dispute are the plaintiff Excavating, Grading, Asphalt, Private Scavengers, Automobile Salesroom Garage Attendants and Linen and Laundry Drivers, Local 731, International Brotherhood of Teamsters ("Local 731"), who represent

Local 731, International Brotherhood of Teamsters ("Local 731"), who represent employee Randy Zirkle, and the defendant A.W. Zengeler Cleaners, Inc. ("Zengeler"), Zirkle's former employer.

This dispute arose in December 1998 when Zengeler discharged Zirkle for insubordination. Local 731 filed a grievance shortly thereafter alleging Zirkle had been fired without just cause. On April 20, 1999, the parties submitted the dispute to arbitration as directed by their labor agreement.

The arbitrator, Alan J. Cook, issued his ruling on April 19, 2000. The arbitrator found that Zengeler did not have just cause to discharge Zirkle and ordered his reinstatement with appropriate back pay. The arbitration award reads, in relevant part:

> The proper remedy for this case is to make the grievant whole by reinstating Zirkle with appropriate back pay. However, Zirkle took action to mitigate his damages . . . .
>
> After seven weeks of unemployment, Zirkle began working for another delivery company. If Zirkle suffered a loss of wages as a result of working for the second company, he is entitled to receive the difference in pay. Therefore, the parties are directed to determine the amount of money earned by the grievant at the second company until the date of this Award. If this total amount exceeds the amount of money he would have received at Zengeler for the comparable period of time, then he is not eligible for back pay for this period. If this amount is less than the amount he would have earned at Zengeler, then he is to receive the difference as back pay. For purposes of this calculation, the parties are directed to use the Union's numbers of $778.50 per week for wages and $133.34 for route differential for a total weekly payment of $911.84.

Arbitration Award at 8-9. (Attached as Exhibit A to Pl.'s Mem. in Opp. to Motion to Remand.)

On June 12, 2000, Local 731 submitted their initial damages calculation to Zengeler. By letter dated June 19, 2000, Zengeler disagreed with Local 731's application of the arbitrator's back pay formula, and requested that the matter be resubmitted to the arbitrator. On June 22, 2000, Local 731 indicated that it was not interested in reopening the arbitration.

The parties could not resolve this dispute privately, and Local 731 filed a motion to confirm and enforce the arbitration award in this Court on September 11, 2000. On October 10, 2000, Zengeler filed its Answer and Affirmative Defenses, which this Court has treated as a motion to remand to the arbitrator.

## DISCUSSION

1. Statute of Limitations

As an initial matter, this Court must address Local 731's contention that Zengeler's motion to remand is barred by the applicable statute of limitations.

This case is brought under the jurisdiction created by Section 301 of the Labor Management Relations Act, 29 U.S.C. Sect. 185. That section contains no limitations period, and instead the timeliness of a suit brought under this act is governed by the most analogous state statute of limitations. See United Auto Workers v. Hoosier

Cardinal Corp., 383 U.S. 696, 704-05, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966). Local 731 argues the most analogous statute is the Illinois version of the Uniform Arbitration Act. This act places a 90-day limit on motions to vacate an arbitration award. See 710 ILCS 5/12(b) (West 2000). It is true, as Local 731 argues, that the Seventh Circuit has adopted this 90-day limitations period for motions that challenge the validity of an arbitration award. See Sullivan v. Lemoncello, 36 F.3d 676, 681 (7th Cir. 1994).

A motion to remand does not challenge the underlying validity of an arbitration award, but instead requests that the award be made clearer. The Court must look elsewhere for the most analogous statute of limitations for a motion to remand. In this pursuit, the Court is guided by the Third Circuit's opinion in Office & Professional Employees International Union, Local 471 v. Brownsville General Hospital, 186 F.3d 326 (3rd Cir. 1999). In that case, the union filed a motion to enforce, or in the alternative, remand an arbitration award for clarification under section 301. Id. at 330. The defendant employer sought to have the action barred by the Pennsylvania statute of limitations for actions for judicial modification or correction of an arbitration award. Id. at 336-37. The Third Circuit found that an action for clarification is similar to an enforcement action, and "[b]ecause clarification by the arbitrator of an ambiguity in the award is the precondition for enforcement of the award, we find the limitations period pertaining to enforcement the more appropriate one." Id. at 337.

This position also finds support in Locals 2222, 2320-2327, International Brotherhood of Electrical Workers, AFL-CIO v. New England Telephone and Telegraph Co., 628 F.2d 644 (1st Cir. 1980). In that case, back pay was awarded to an employee after arbitration. A dispute arose between the parties about the proper amount. Id. The union filed an action for clarification, which the employer contended was untimely. Id. at 650. The First Circuit found that the right to remand was developed "as an adjunct to a proceeding to enforce the award" and that the "most reasonable limitations period would be any pertaining to a section 301 enforcement suit." Id. at 652.

In the Illinois Arbitration Act, there is no time limitation on actions to confirm or enforce an arbitration award. See 710 ILCS 5/11 (West 2000); United Steelworkers of America, AFL-CIO-CLC v. Danly Machine Corp., 658 F.Supp. 736, 737-38 (N.D. Ill. 1987) (holding that since there is no time bar to arbitration enforcement suits under the Illinois Arbitration Act, there is similarly no time bar to arbitration enforcement suits under section 301). Therefore, Zengeler's motion to remand is not barred by any statute of limitations.

When a district court is requested to enforce an arbitration award, as Local 731 has requested in this case, the court must retain the authority to remand the award to the original arbitrator for clarification if the court finds the arbitration award to be

ambiguous. A district court may not enforce an ambiguous arbitration award. See Tri-State Business Machines, Inc. v. Lanier Worldwide, Inc., 221 F.3d 1015, 1017 (7th Cir. 2000) (citations omitted).

2.  Motion to Remand

Judicial review of arbitration awards is limited. A district court has no authority to substitute its judgment for the judgment of an arbitrator. See Ethyl Corp. v. United Steelworkers of America, AFL-CIO-CLC, 768 F.2d 180, 183-84 (7th Cir. 1985). However, a district court cannot enforce an ambiguous award. "It is well-settled that a district court generally may not interpret an ambiguous arbitration award." Tri-State Business Machines, 221 F.3d at 1017 quoting Flender Corp. v. Techna-Quip Co., 953 F.2d 273, 279 (7th Cir. 1992) (citations omitted); see also United Food & Commercial Workers Local 100A, AFL-CIO & CLC v. John Hofmeister & Son, Inc., 950 F.2d 1340, 1345 (7th Cir. 1991). When a court is confronted with an ambiguous award, the proper procedure is to send the award back to the arbitrator for clarification. Tri-State Business Machines, 221 F.3d at 1017.

A district court should use the remand procedure sparingly. "When possible . . . a court should avoid remanding a decision to the arbitrator because of the interest in prompt and final arbitration." Teamsters Local No. 579 v. B & M Transit, Inc., 882 F.2d 274, 278 (7th Cir. 1989). To avoid this sort of delay, a court is permitted to

interpret an ambiguous award if the existing ambiguity can be resolved from the record. Flender Corp. v. Techna-Quip Co., 953 F.2d 273, 280 (7th Cir. 1992) (citations omitted).

In this case, a specific portion of the award is ambiguous and the record fails to resolve this ambiguity. The portion of the award granting Zirkle back pay is not clear. The award states that "the parties are directed to determine the amount of money earned by the grievant at the second company until the date of this Award." The proper interpretation of this order is at issue. "[T]he parties' differing interpretations of an award, in some cases, are the best evidence of an ambiguity." Daniel C. Tepstein, Confirming an Amended Labor Arbitration Award in Federal Court: The Problem of Functus Officio, 8 Am. Rev. Int'l Arb. 65, 67 (1997). Local 731 believes that Zirkle is to receive back pay up to the time he is reinstated. Zengeler believes that the award allows Zirkle to only receive back pay up to April 19, 2000, the date of the arbitrator's award. It seems logical to this Court for the arbitrator to award back pay up to the date of reinstatement. Such an award would "make the grievant whole," which was the arbitrator's professed goal, and hasten the employee's return to work. However, the language of the award states that back pay is to be calculated "until the date of this Award." The current record in this case does not provide the Court an adequate basis to determine the arbitrator's intent on this matter. See John Hofmeister

and Son, Inc., 950 F.2d at 1345. For the resolution of this ambiguity, this arbitration award must be remanded.

The remand order is limited to calculation of back pay and should not feature relitigation of the original issues. The rest of the arbitrator's award must stand. Zengeler still must pay $1,767.06 to cover the difference between Zirkle's wages at Zengeler and his unemployment compensation. Likewise, the arbitrator's figures used to calculate back pay, (i.e., $911.84 per week in wages, with an additional $118.00 to be paid to the Union Health and Welfare Fund and $33.00 to be paid to the Pension Fund for each weekly multiple) must be used on remand as well.

## CONCLUSION

Zengeler's motion to remand is granted. The arbitration award is remanded to Alan J. Cook for the limited purpose of the arbitrator's calculation of the back pay due Randy Zirkle. Specifically, the arbitrator should explain whether the award of back pay was meant to accrue through Zirkle's reinstatement, or whether the back pay was meant to accrue only to the April 19, 2000 award date. The balance of the arbitrator's award is to remain intact.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: February 15, 2001